# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
v.
**LAMONT AYERS**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:04-pt-28**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
☐ an offense for which the maximum sentence is life imprisonment or death.
☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
☐ under 18 U.S.C.§924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has a history of committing offenses while on parole. In 1990, defendant was paroled following a conviction for delivery of a controlled substance. Less than 3 months later he was returned to prison as the result of an assault and battery conviction (for assaulting a police officer while in a restaurant). Later, he was again paroled, but was returned to prison for absconding. He was once again subsequently paroled but was again violated, this time for operating while impaired. In that instance, (continued on attached page)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing fails to establish by clear and convincing evidence that there are conditions that will assure the safety of the community if defendant is released. Notwithstanding his long time ties to the Kalamazoo area, defendant has demonstrated no regard for his obligations while on parole (a situation akin to being placed on bond) as demonstrated by his continued criminal activity while under the supervision of this court. There is no justification for placing him back in a situation where he will, in all probability, (continued on attached page)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 16, 2006        /s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a)

United States v. Lamont Vidal Ayers
1:04-PT28
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B)** - (continued)

    he was ordered to attend a residential program, but was terminated from that program for a rules violation. Finally, while still on parole, defendant was convicted in federal court of conspiring to distribute and to distribute controlled substances.

    While on supervised release from his latest drug conviction, defendant has had a number of run-ins with the police for speeding or drinking while driving, been terminated by two employers for absenteeism, has left the district on two occasions without approval, has failed to report a police contact, and has accused his police officer of altering his urine samples and otherwise acting in a confrontational manner. Most significantly, while still on this period of supervised release, defendant has been indicted in this court on four more charges of distributing cocaine.

**Part II - Written Statement of Reasons for Detention** - (continued)

    continue to violate the law. Nor does it appear he would be manageable in any halfway house situation based on his behavior today.

    The court also had before it a request for the defendant to be detained on the four new distribution of cocaine charges (Case No. 1:06-CR-132). With this decision, that request for detention has been rendered moot. In the event, however, that the court releases the defendant on the supervised release violations, the court will address the issue of whether he should be detained on the basis of the new charges.